

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:       Opinion No. O-5101
                Re: Whether Government aviation
                    trainees in State junior colleges
                    should be included as students when
                    such colleges are allotted by the
                    State $50.00 per capita for
                    each full time student per scho-
                    lastic year.

        This is in reply to your request for an opinion,
stated in your letter as follows:

    "Article 2815j-1, Sections 1, 2 and 3, a copy of
    which I am enclosing, concerns the payment of
    $50.00 per capita by the State for students in
    public junior colleges.

    "Several of the junior colleges under the law
    have contracts by which the United States Govern-
    ment pays them for the training of members of the
    Armed Forces in aviation.

    "Is the State Department of Education justified
    in certifying to the State Comptroller of Public
    Accounts payment of $50 per year for those stu-
    dents for whose instruction the Federal Government
    also provides compensation?"

        At our request you furnished us some additional
information in a letter, as follows:

        "In line with our telephone conversation of
    a few days ago, I am submitting the Departmental defi-
    nition of the terms vocational and/or terminal as
    used in Senate Bill 163 passed by the 47th Legislature.
    The data quoted below is self-explanatory:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. A. Woods - Page 2

"'Dr. L. A. Woods, State Superintendent
of Public Instruction, presided over a meeting of
the Advisory Committee, composed of representatives
of junior colleges, senior colleges, and people from
various phases of trades and industry, who were
called together to define the meaning of the terms-
'Vocational and/or terminal education', as used in
S. B. No. 163, an Act of the Forty-seventh Legis-
lature, which appropriates $325,000.00 to be dis-
tributed on a per capita basis to the junior
colleges named therein.

"'After discussion by various representa-
tives of the Committee the following motion was made
by Dr. John E. Gray, Director of the Lamar Union
Junior College at Beaumont, Texas, and seconded by
Dean E. B. Harris of the North Texas State Teachers
College of Denton, Texas - 'that this group recommend
to the State Department of Education that the terms
'vocational and/or terminal education', as used in
the Junior College Law, be construed to mean courses
in the fields of -

    1. business,
    2. trades and industry,
    3. homemaking, and
    4. agriculture -

such courses to lead to occupational adjustment at the
end of two years or less of college training.'

"This motion carried unanimously."

You also furnished us with a copy of the form of
contract that was made between the United States Government
and the junior colleges in question. The form of contract
shows that the trainees of the Armed Forces attending the col-
leges under the terms of the contract do not take the ordinary
college courses and that particularly they do not take any
"vocational" or "terminal" courses, towit, courses in business,
trades and industry, homemaking, and agriculture, leading to
occupational adjustment at the end of two years. The contract

Hon. L. A. Woods - Page 3

shows that they take only a total of 240 hours of work designed
solely "to prepare trainees both mentally and physically for
intensive pilot training in more advanced flight courses", and
that the work is divided into courses as follows: mathematics,
physics, civil air regulations, navigation, general servicing,
and operation of aircraft, code, military and physical train-
ing, aircraft identification, military science and discipline,
and meteorology.

The only authority for the payment of $50.00 per
capita by the State to junior colleges is the authority granted
in Senate Bill No. 163, Acts 1941, 47th. Leg., part of which
is codified as Article 2815j-1, Vernon's Annotated Civil Statutes
of Texas. Part of said Senate Bill reads as follows:

"Section 1. There shall be appropriated
biennially from moneys in the State Treasury not
otherwise appropriated an amount sufficient to
supplement local funds in the proper support, main-
tenance, operation and improvement of the Public
Junior Colleges of Texas, which meet the standards
as herein provided; and said sum shall be allocated
on a basis and in a manner hereinafter provided.

"Sec. 2. To be eligible for and to receive
a proportionate share of this appropriation, a
Public Junior College must be accredited as a first
class Junior College by the State Department of
Education, and the State Department of Education is
hereby authorized to set up rules and provisions
by which Public Junior Colleges may be inspected
and accredited. And provided further that to be
eligible to participate in any biennial appropria-
tion, each Public Junior College shall offer a min-
imum of twenty-four (24) semester hours of vocational
and/or terminal courses. And provided further that
in order to be eligible to participate in any bi-
ennial appropriation each Public Junior College shall
have complied with all existing laws, rules and
regulations governing the establishment and mainte-
nance of Public Junior Colleges. It shall be manda-
tory that each institution participating in the
funds herein provided shall collect from each pupil
enrolled, matriculation and other session fees not
less than the amounts provided for by law and by
other state supported institutions of higher learning;

as provided in Articles 2654A, 2654B, and 2654C, Revised Civil Statutes of Texas.

"Sec. 3. . . . Provided that each of the above Public Junior Colleges shall qualify within the requirements of this Act; and provided further that the funds here appropriated shall be disbursed to and distributed among the Public Junior Colleges which qualify to receive it on the basis of Fifty ($50.00) Dollars per capita for each full time student per scholastic year, and providing that 'full time student' as herein used is defined as a student doing fifteen (15) semester hours of work, and that the number of full time students enrolled in any school to be benefited by this Act shall be determined by dividing the total number of semester hours of work carried by all students of the school, as of November 1st in any fiscal year, by fifteen (15)."

We call attention to the provision in the Bill which provides that each "junior college shall offer a minimum of twenty-four (24) semester hours of vocational and/or terminal courses" and to the provision which provides that the funds appropriated "shall be disbursed to and distributed among the public junior colleges . . . on a basis of fifty ($50.00) dollars per capita for each full time student per scholastic year, and providing that 'full time student' as herein used is defined as a student doing fifteen (15) semester hours of work."

We understand that the words "a student doing fifteen (15) semester hours of work" means a student taking classes that total 15 hours a week for a semester, a semester being a term of 18 weeks. Therefore, a student doing 15 semester hours of work would attend classes for a total of 270 hours, if he completed his work. However, the trainees under the Government contract in question take only 240 hours of work; and, therefore, they are not students doing 15 semester hours of work.

We believe that a reading of said entire Senate Bill 163 shows that the trainees taking work in the junior colleges under the terms of said Government contract are not "full time students" within the meaning of the Bill.

A reading of the entire Bill shows that the students

referred to in the Bill are "college students" in the ordinary sense of those words. These Government aviation trainees are not "college students" as that term is ordinarily used. When we take into consideration that fact, and the further fact that they are not "full time students" within the definition of the Bill, we do not believe the Legislature intended that such trainees should be included among those students on which the $50.00 per capita paid by the State to the junior colleges is calculated.

Our answer to your question is that the State Department of Education is not justified in certifying to the State Comptroller of Public Accounts payment of $50.00 per year for those trainees receiving instruction under the terms of the Federal Government contract about which you ask.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Cecil C. Rotsch
            Assistant

CCR:BT

APPROVED JUN 11, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

